**Benita Sanchez Vda. DE COSME, et al., Plaintiffs, Appellees,**

**v.**

**SEA CONTAINERS, LTD., et al., Defendants, Appellees.**

**Appeal of R. MEDIAVILLA & SONS, INC., Defendant, Appellant.**

**No. 88–1907.**

United States Court of Appeals, First Circuit.

Heard April 7, 1989.

Decided May 10, 1989.

Charles A. Cordero with whom Keith A. Graffam and Cordero, Miranda & Pinto was on brief, for defendant, appellant.

Reina Colon De Rodriguez, Asst. Sol. Gen., Dept. of Justice, with whom Hon. Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., were on brief, for appellee State Ins. Fund.

Before BOWNES and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

BOWNES, Circuit Judge.

Defendant–Appellant R. Mediavilla & Sons, Inc. appeals from the refusal of the district court to enjoin a proceeding in the Superior Court of Puerto Rico under the third exception to the Anti–Injunction Act which allows a federal court "to stay proceedings in a State court ... to protect or effectuate its judgments." 28 U.S.C. § 2283. Appellant claims that a prior set-

---

* Of the District of Massachusetts, sitting by desig-    nation.

tlement judgment in the federal court is a bar to the Commonwealth court proceeding.

## I.

This case had its genesis in an accident that happened on March 21, 1977, in San Juan harbor, aboard a vessel, the Hustler Cheyenne, when the cable of a crane owned and operated by Mediavilla broke. A number of workmen were injured. On April 14, 1977, the estate of Juan Adolfo Cosme–Petersen, who died as a result of the injuries received, brought suit in federal court (the Cosme suit). Subsequently, Fausto Soriano Fardonk, who was injured in the accident, but did not die, also brought a complaint in the federal court (the Soriano suit). Mediavilla was named as a third-party defendant in both actions. The plaintiffs in both cases were represented by the same law firm, and the two actions were consolidated for trial.

Appellee is the State Insurance Fund of Puerto Rico (SIF). Under P.R.Laws Ann. tit. 11, ch. 1, § 32, SIF has certain subrogation rights against a third party responsible for an accident in which workmen are injured. SIF paid workmen's compensation accident claims made by the estate of Cosme and by Soriano. It was named as a claimant in the amended complaint in the Cosme suit. Our examination of the docket entries and pleadings in the Soriano suit shows that SIF was not named in that action.

The consolidated cases were settled prior to trial by a stipulation dated October 1, 1985. On October 21, the settlement stipulation was incorporated by reference into the district court judgment. "It is ORDERED and ADJUDGED that said stipulation be and the same is binding between the parties. It is further ORDERED and ADJUDGED that said stipulation be and the same is incorporated herein *in extenso* and this case is dismissed as to all the plaintiffs herein." Paragraph 5 of the settlement stipulation states, *inter alia:* "It is expressly understood that the aforesaid payment shall be made by Mediavilla, and Mediavilla shall have subrogation rights against Monitowoc [another defendant] for said sums. All plaintiffs agree to dismiss their claims against all defendants without charges for costs, disbursements, interests or attorney's fees." The stipulation was signed by the attorneys for the plaintiffs and defendants. SIF was not mentioned in the settlement stipulation.

A Notice of Satisfaction of Judgment was filed on December 5, 1985. It states in pertinent part: "Notice is hereby given that the claim of the State Insurance Fund (El Fondo del Seguro del Estado) was settled, and that said entity was represented by Ulises Ortiz Rodriguez, Esq. whose address appears below." The signature of Ulises Ortiz Rodriguez appears beneath the paragraph, along with signatures of the attorneys for the plaintiffs and defendants.

Over a year later, on April 9, 1987, SIF filed a complaint in the Superior Court of Puerto Rico against Mediavilla seeking reimbursement in the amount of $34,302.80 for payments made to or on behalf of Soriano as a result of the injuries he sustained in the accident. On July 15, 1987, Mediavilla filed a motion in the federal court asking that SIF be asked to show cause why it should not be permanently enjoined from prosecuting the suit in the Commonwealth Superior Court. Mediavilla also filed a supporting memorandum of law. SIF replied to the motion to show cause by stating: (1) that it was not a party claimant in the Soriano suit; (2) that it was never informed of and did not know that the Cosme suit and the Soriano suit had been consolidated; (3) that it never was reimbursed for sums paid to or on behalf of Soriano, as it had been in the Cosme suit; and (4) that under Puerto Rico law it was entitled to the reimbursement claimed. SIF suggested that its attorney signed the Notice of Satisfaction of Judgment under the belief that it pertained only to the Cosme suit. SIF argued that since it received no reimbursement for the sums paid to or on behalf of Soriano, the Notice of Satisfaction of Judgment was not binding on it as to the Soriano suit.

On June 30, 1988, the district court denied Mediavilla's motion for a permanent injunction stating: "After due considera-

tion of the arguments presented, this motion is hereby denied and there will be no injunction issued regarding SIF and the Superior Court of Puerto Rico, Civil Action No. 87–1983(803)." This appeal followed.

## II.

The Anti–Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Appellant maintains that SIF should be enjoined "to protect or effectuate" the judgment entered by the district court. It contends that allowing the Superior Court of the Commonwealth to proceed with the action brought by SIF would result in needless relitigation of a case that has already been settled.

The Supreme Court has recently spoken to the issue before us, the applicability of the "relitigation exception" of the Anti–Injunction Act. In *Chick Kam Choo v. Exxon Corp.*, —— U.S. ——, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), Justice O'Connor, writing for a unanimous Court, first explained the history and the purpose of the Act. It was pointed out that the Act was designed to help make our dual system of federal and state courts work effectively by generally barring intervention in the state court systems by the federal courts. *Id.* 108 S.Ct. at 1689. The exceptions stated in the Act are "designed to ensure the effectiveness and supremacy of federal law. But as the Court has recognized, the exceptions are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Id.* (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970)); *see also Garcia v. Bauza–Salas*, 862 F.2d 905, 909–10 (1st Cir.1988) (discussing the three exceptions to the Act).

The Court then focussed on the relitigation exception. It first stated: "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Id.* 108 S.Ct. at 1690. It then used *Atlantic Coast Line* to illustrate the scope of the exception, holding: "Thus, as *Atlantic Coast Line* makes clear, an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Chick Kam Choo*, 108 S.Ct. at 1690.

This essential prerequisite has not been met in this case. There is no mention in the settlement stipulation of SIF, and SIF is not a signatory to it. The district court judgment incorporates only the settlement stipulation; the judgment does not refer directly or indirectly to SIF. Although the Notice of Satisfaction of Judgment does state that the claim of SIF was settled, SIF makes a plausible argument that it never intended to and did not settle its Soriano reimbursement claim. On the basis of this record, there is a legitimate question whether either *res judicata* or collateral estoppel would apply to the action in the Commonwealth Superior Court. That is a question properly to be determined by the Commonwealth Superior Court.[1]

Moreover, we would proceed with great restraint and caution before reversing the refusal of a district court judge to enjoin a state court proceeding. In addition to the equitable requirements of irreparable injury and inadequate remedy at law that must be met before an injunction issues, the principles of comity and federalism are additional restraints against enjoining a state court proceeding. *See Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). We agree with the Fifth Circuit:

We take the view that a complainant must make a strong and unequivocal

---

1. We need not reach, and take no view of, SIF's argument that its current action cannot be barred because its subrogation rights were not

"firm and enforceable" under 11 L.P.R.A. § 32 until after January 14, 1987.

showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in state court proceedings. If we err, all is not lost. A state court is as well qualified as a federal court to protect a litigant by the doctrines of res adjudicata and collateral estoppel.

*Southern California Petroleum Corporation v. Harper,* 273 F.2d 715, 719 (5th Cir.1960).

Both district and appellate courts should heed the admonition of the Supreme Court: "Of course, the fact an injunction *may* issue under the Anti–Injunction Act does not mean that it *must* issue." *Chick Kam Choo,* 108 S.Ct. at 1692 (emphasis in original).

Affirmed.

Costs to Appellee.