SMA LIFE ASSURANCE
COMPANY, Plaintiff,

v.

Antonio SANCHEZ–PICA, Defendant.

Civ. No. 90–2019CCC.

United States District Court,
D. Puerto Rico.

May 24, 1991.

Frank Gotay–Barquet, Feldstein, Gelpi & Gotay, Old San Juan, P.R., for plaintiff.

ORDER

CEREZO, District Judge.

Presently before us is plaintiff's SMA Life Assurance Company's (SMA) Motion for an Order to Protect or Effectuate the Judgment (docket entry 9). As shown by the record, this action was first filed on July 26, 1990 (docket entry 1) and judgment by default was entered in favor of plaintiff on November 26, 1990 (docket entry 6). However, it now appears that while defendant Antonio Sánchez–Pica (Sánchez) failed to defend against the proceeding brought against him in this Court, he actively made use of the local administrative proceedings, filing an administrative complaint against SMA in the Office of the Insurance Commissioner of the Commonwealth. The end result of this situation was that two different forums actually addressed and adjudicated the claims of the parties relating to

the same issue in dispute: the right to rescind a disability insurance policy issued by SMA in favor of Sánchez. This Court was the first one to issue a decision, ordering the rescission of the mentioned policy (*see* docket entry 6). Notwithstanding, in the administrative proceeding a different result was reached, as the Office of the Insurance Commissioner ordered on March 15, 1991 the reinstatement of the policy in question. Although SMA alleged as a defense in the administrative proceeding that the agency was bound by the previous ruling of this Court under principles of res judicata, the agency expressly refuted this argument.

Faced with this adverse decision, SMA has once again returned to plead its cause before this Court, but this time to seek an order enjoining the Insurance Commissioner from enforcing its mandate. Mindful of the extraordinary relief requested, SMA has been cautious to stress that such a remedy is necessary to preserve the Court's authority to resolve controversies. It has also persuasively argued that the issuance of the requested injunction is not expressly barred by the Anti–Injunction Act, 28 U.S.C. § 2283. As we recognize that the principles of equity, comity and federalism are of utmost relevance to the issue now before us, we now carefully consider the matter.

■ We agree with SMA that the Anti–Injunction Act does not serve as a bar to the issuance of an injunction in this instance. As SMA has correctly pointed out, the clear language of the statute[1] only prohibits federal courts from enjoining state *court* proceedings, but not administrative proceedings such as the one held by the Insurance Commissioner. *See American Motors Sales Corp. v. Runke*, 708 F.2d 202, 204 (6th Cir.1983). Even though we are conscious of the fact that the Supreme Court has left open the question of whether the Anti–Injunction Act applies to state administrative proceedings which are clearly adjudicatory, *see Gibson v. Berryhill*, 411 U.S. 564, 573, 93 S.Ct. 1689, 1695, 36 L.Ed.2d 488 (1973), we equally note that the matter has still not been squarely decided. Accordingly, we cannot find that the Act applies to the facts of this case.

■ Even if we were to assume, for the sake of argument, that the Act is indeed applicable to administrative proceedings, we similarly find that it would not serve as an impediment to the granting of injunctive relief. Pursuant to what has come to be known as the "relitigation exception" to the Act, which allows injunctions of state proceedings "to protect or effectuate" federal judgments, an injunction could certainly be issued in this instance to avoid the relitigation of the matters that have been finally decided by this Court. *Texas Employers' Ins. Ass'n v. Jackson*, 820 F.2d 1406, 1416 (5th Cir.1987).

■ The fact that an injunction may issue, however, does not necessarily mean that it must issue automatically. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151, 108 S.Ct. 1684, 1692, 100 L.Ed.2d 127 (1988). As previously intimated, the principles of equity, comity and federalism oblige federal courts to act with great restraint. *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972); *De Cosme v. Sea Containers, L.T.D.*, 874 F.2d 66, 68 (1st Cir.1989). In this instance, in which SMA is asking us to enjoin the enforcement of a decision rendered by a local administrative agency after it had conducted an adjudicatory hearing, where it was represented by able counsel, who properly raised the defense of res judicata which was finally rejected by the agency after entering its findings of fact and conclusions of law, we think that these principles are of great relevance. To be sure, SMA has failed to meet the equitable requirements of irreparable injury and inadequate remedy at law that must be shown before an injunction issues. In addition, we note the applicability of the general rule that provides that when an action is pursued until the entry of a final decision

---

1. The statute reads:
   A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

inconsistent with a prior judgment, the second decision ordinarily prevails whether the res judicata effects of the first judgment were ignored by the parties or expressly rejected by the decision-maker in the second action. Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction* § 4404, p. 26 (1981).

We believe that the particular circumstances of this case do not justify a departure from this general rule. Finally, we feel confident that the Commonwealth courts are well qualified to protect SMA from the effects of the administrative decision by properly applying the doctrines of res judicata and collateral estoppel when judicially reviewing the same. Accordingly, firmly convinced that the issuance of an injunction is not a proper remedy in this instance, we decline to order its entry. SMA's motion in that regard is hereby DENIED.

SO ORDERED.