## PARSONS STEEL, INC., ET AL. *v.* FIRST ALABAMA BANK ET AL.

No. 84–1616.   Argued December 3, 1985—Decided January 27, 1986

Rehnquist, J., delivered the opinion for a unanimous Court.

*Frank M. Wilson* argued the cause for petitioners. With him on the briefs was *James Jerry Wood.*

*M. Roland Nachman, Jr.,* argued the cause for respondents. With him on the brief was *James A. Byram, Jr.*

Justice Rehnquist delivered the opinion of the Court.

The Full Faith and Credit Act, 28 U. S. C. § 1738, requires federal courts as well as state courts to give state judicial proceedings "the same full faith and credit . . . as they have by law or usage in the courts of such State . . . from which they are taken." The Anti-Injunction Act, 28 U. S. C. § 2283, generally prohibits a federal court from granting an injunction to stay proceedings in a state court, but excepts from that prohibition the issuance of an injunction by a federal court "where necessary . . . to protect or effectuate its judgments." In the present case the Court of Appeals for the Eleventh Circuit held that the quoted exception to the latter Act worked a *pro tanto* amendment to the former, so that a federal court might issue an injunction against state-court proceedings even though the prevailing party in the federal suit had litigated in the state court and lost on the res judicata effect of the federal judgment. We granted certiorari to consider this question, 472 U. S. 1026 (1985), and now reverse the judgment of the Court of Appeals.

Petitioners Parsons Steel, Inc., and Jim and Melba Parsons sued respondents First Alabama Bank of Montgomery and Edward Herbert, a bank officer, in Alabama state court in February 1979, essentially alleging that the bank had fraudulently induced the Parsonses to permit a third person to take control of a subsidiary of Parsons Steel and eventually to obtain complete ownership of the subsidiary. The subsidiary was adjudicated an involuntary bankrupt in April 1979, and the trustee in bankruptcy was added as a party plaintiff in the state action. In May 1979 Parsons Steel and the Parsonses sued the bank in the United States District Court for the District of Alabama, alleging that the same conduct on the part of the bank that was the subject of the state-court suit also violated the Bank Holding Company Act (BHCA) amendments, 12 U. S. C. §§ 1971–1978. The trustee in bankruptcy chose not to participate in the federal action.

The parties conducted joint discovery in the federal and state actions. The federal action proceeded to trial on the issue of liability before the state action went to trial. A jury returned a verdict in favor of petitioners, but the District Court granted judgment n.o.v. to the bank. That judgment was affirmed on appeal. *Parsons Steel, Inc.* v. *First Alabama Bank of Montgomery,* 679 F. 2d 242 (CA11 1982). After the federal judgment was entered, respondents pleaded in the state action the defenses of res judicata and collateral estoppel based on that judgment. The Alabama court, however, ruled that res judicata did not bar the state action. Almost a year after the federal judgment was entered, the state complaint was amended to include a Uniform Commercial Code (UCC) claim that the bank's foreclosure sale of the subsidiary's assets was commercially unreasonable. A jury returned a general verdict in favor of petitioners, awarding a total of four million and one dollars in damages.

Having lost in state court, respondents returned to the District Court that had previously entered judgment in the

bank's favor and filed the present injunctive action against petitioners, the plaintiffs in the state action.[1]   The District Court found that the federal BHCA suit and the state action were based on the same factual allegations and claimed substantially the same damages.   The court held that the state claims should have been raised in the federal action as pendent to the BHCA claim and accordingly that the BHCA judgment barred the state claims under res judicata.   Determining that the Alabama judgment in effect nullified the earlier federal-court judgment in favor of the bank, the District Court enjoined petitioners from further prosecuting the state action.

A divided panel of the Court of Appeals affirmed in relevant part, holding that the issuance of the injunction was not "an abuse of discretion" by the District Court.   747 F. 2d 1367, 1381 (1980).   The majority first agreed with the District Court that the fraud and UCC claims presented issues of fact and law that could have been and should have been raised in the same action as the BHCA claim.   Thus the parties to the BHCA action and their privies, including the trustee in bankruptcy, were barred by res judicata from raising these claims in state court after the entry of the federal judgment.

The majority then held that the injunction was proper under the so-called "relitigation exception" to the Anti-Injunction Act, 28 U. S. C. § 2283, which provides:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or *to protect or effectuate its judgments*" (emphasis added).

---

[1] Although the opinion of the Court of Appeals does not mention it, respondents apparently also filed in state court a timely post-trial motion for new trial or judgment n.o.v.

In reaching this holding, the majority explicitly declined to consider the possible preclusive effect, pursuant to the Full Faith and Credit Act, 28 U. S. C. § 1738,[2] of the state court's determination after full litigation by the parties that the earlier federal-court judgment did not bar the state action. According to the majority, "while a federal court is generally bound by other state court determinations, the relitigation exception empowers a federal court to be the final adjudicator as to the res judicata effects of its prior judgments on a subsequent state action." 747 F. 2d, at 1376 (footnote omitted).

Finally, the majority ruled that respondents had not waived their right to an injunction by waiting until after the trial in the state action was completed. The majority concluded that the state-court pleadings were so vague that it was not clear until after trial that essentially the same cause of action was involved as the BHCA claim and that the earlier federal judgment was in danger of being nullified. According to the majority, the Anti-Injunction Act does not limit the power of a federal court to protect its judgment "to specific points in time in state court trials or appellate procedure." *Id.*, at 1377.[3]

The dissenting judge rejected "the majority's conclusion that the Anti-Injunction Act . . . implicitly amended the Full Faith and Credit Act, 28 U. S. C. § 1738." *Id.*, at 1381 (Hill, J., dissenting). He agreed with the majority that "section 2283 allows the district court to enter an injunction, perhaps grounded in the concept of res judicata, unless the state court

---

[2] The Full Faith and Credit Act provides, in pertinent part, that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."

[3] The Court of Appeals remanded the case to the District Court for a determination whether the trustee in bankruptcy should be allowed to litigate his UCC claim in state court because the trustee was not a party to the federal suit and the UCC claim might have been based on facts other than those that formed the basis for the federal action.

has already addressed the res judicata issue on the merits," but would have held in cases where the state court has decided the res judicata issue that "section 1738 requires the federal court to afford full faith and credit to the state court's resolution of the issue." *Ibid.*

In our view, the majority of the Court of Appeals gave unwarrantedly short shrift to the important values of federalism and comity embodied in the Full Faith and Credit Act. As recently as last March, in *Marrese* v. *American Academy of Orthopaedic Surgeons*, 470 U. S. 373 (1985), we reaffirmed our holding in *Migra* v. *Warren City School Dist. Bd. of Education*, 465 U. S. 75 (1984), that under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Kremer* v. *Chemical Construction Corp.*, 456 U. S. 461, 481–482 (1982). The Full Faith and Credit Act thus "allow[s] the States to determine, subject to the requirements of the statute and the Due Process Clause, the preclusive effect of judgments in their own courts." *Marrese, supra,* at 380.

In the instant case, however, the Court of Appeals did not consider the possible preclusive effect under Alabama law of the state-court judgment, and particularly of the state court's resolution of the res judicata issue, concluding instead that the relitigation exception to the Anti-Injunction Act limits the Full Faith and Credit Act. We do not agree. "[A]n exception to § 1738 will not be recognized unless a later statute contains an express or implied partial repeal." *Kremer, supra,* at 468; *Allen* v. *McCurry*, 449 U. S. 90, 99 (1980). Here, as in *Kremer*, there is no claim of an express repeal; rather, the Court of Appeals found an implied repeal. "'It

is, of course, a cardinal principle of statutory construction that repeals by implication are not favored,' *Radzanower* v. *Touche Ross & Co.*, 426 U. S. 148, 154 (1976); *United States* v. *United Continental Tuna Corp.*, 425 U. S. 164, 168 (1976), and whenever possible, statutes should be read consistently." 456 U. S., at 468. We believe that the Anti-Injunction Act and the Full Faith and Credit Act can be construed consistently, simply by limiting the relitigation exception of the Anti-Injunction Act to those situations in which the state court has not yet ruled on the merits of the res judicata issue. Once the state court has finally rejected a claim of res judicata, then the Full Faith and Credit Act becomes applicable and federal courts must turn to state law to determine the preclusive effect of the state court's decision.

The contrary holding of the Court of Appeals apparently was based on the fact that Congress in 1948 amended the Anti-Injunction Act to overrule this Court's decision in *Toucey* v. *New York Life Insurance Co.*, 314 U. S. 118 (1941), in favor of the understanding of prior law expressed in Justice Reed's dissenting opinion. See Revisor's Note to 1948 Revision of Anti-Injunction Act, 28 U. S. C., p. 377. But the instant case is a far cry from *Toucey*, and one may fully accept the logic of Justice Reed's dissent without concluding that it sanctions the result reached by the Court of Appeals here. In each of the several cases involved in *Toucey*, the prevailing party in the federal action sought an injunction against relitigation in state court as soon as the opposing party commenced the state action, and before there was any resolution of the res judicata issue by the state court. In the instant case, on the other hand, respondents chose to fight out the res judicata issue in state court first, and only after losing there did they return to federal court for another try.

The Court of Appeals also felt that the District Court's injunction would discourage inefficient simultaneous litigation in state and federal courts on the same issue—that is, the res

judicata effect of the prior federal judgment. But this is one of the costs of our dual court system:

> "In short, the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts." *Atlantic Coast Line R. Co.* v. *Locomotive Engineers*, 398 U. S. 281, 295 (1970).

Indeed, this case is similar to *Atlantic Coast Line*, in which we held that the various exceptions to the Anti-Injunction Act did not permit a federal court to enjoin state proceedings in circumstances more threatening to federal jurisdiction than the circumstances of this case. There we stated that the phrase "to protect or effectuate its judgments" authorized a federal injunction of state proceedings only "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Ibid.*

We hold, therefore, that the Court of Appeals erred by refusing to consider the possible preclusive effect, under Alabama law, of the state-court judgment. Even if the state court mistakenly rejected respondents' claim of res judicata, this does not justify the highly intrusive remedy of a federal-court injunction against the enforcement of the state-court judgment. Rather, the Full Faith and Credit Act requires that federal courts give the state-court judgment, and particularly the state court's resolution of the res judicata issue, the same preclusive effect it would have had in another court of the same State. Challenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from this Court. See *Angel* v. *Bullington*, 330 U. S. 183 (1947).

We think the District Court is best situated to determine and apply Alabama preclusion law in the first instance. See *Marrese* v. *American Academy of Orthopaedic Surgeons,*

*supra*, at 386–387; *Migra* v. *Warren City School Dist. Bd. of Education*, 465 U. S., at 87. Should the District Court conclude that the state-court judgment is not entitled to preclusive effect under Alabama law and the Full Faith and Credit Act, it would then be in the best position to decide the propriety of a federal-court injunction under the general principles of equity, comity, and federalism discussed in *Mitchum* v. *Foster*, 407 U. S. 225, 243 (1972).

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.[4]

*It is so ordered.*

---

[4] As an alternative basis for reversing the decision of the Court of Appeals, petitioners contend that the relitigation exception to the Anti-Injunction Act was never intended by Congress to allow the issuance of a federal-court injunction in situations where the later state action involves claims that could have been litigated, but were not actually litigated, in the prior federal action. Petitioners also ask us to review the Court of Appeals' holding that the trustee in bankruptcy, who was not a party to the first federal action, was nevertheless bound under res judicata by the judgment of the District Court in that action. Because of our resolution of the primary issue raised by petitioners, we do not address these additional arguments.