**John V. SANTOPADRE, Sr., et al.**

v.

**PELICAN HOMESTEAD AND SAVINGS ASSOCIATION.**

Civ. A. No. 89–4340.

United States District Court,
E.D. Louisiana.

Oct. 19, 1990.

Douglas Scott Draper, Friend, Wilson & Draper, Winthrop G. Gardner, New Orleans, La., for plaintiffs.

Jack Anthony Ricci, Robert John Skinner, Judy Lynn Burnthorn, Daryl George Glorioso, Baldwin & Haspel, New Orleans, La., for defendant.

ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the Motion of Pelican Homestead And Savings Association (Pelican) for Preliminary and Permanent Injunction against the plaintiffs, enjoining them, their attorneys, agents or employees from taking any steps in prosecution of the matter entitled "John V. Santopadre v. Pelican Homestead and Savings Association," Case No. 90–17541, Division "B" of the Civil District Court for the Parish of Orleans, including the filing of a Notice of Lis Pendens, and representing to anyone that the plaintiffs are owners of an undivided interest of any nature in the "Avenue Plaza" property, a certain piece of real estate known as Municipal No. 2113 St. Charles Avenue, New Orleans, Louisiana.

BACKGROUND

Plaintiffs brought suit before this Court on October 2, 1989 based on the conduct of Gulf Federal Savings Bank (GFSB) during the period 1982 to 1986. GFSB was placed in receivership in November 1986, with FSLIC as the Receiver. FSLIC then entered into an acquisition agreement with Gulf Federal Savings and Loan Association (GFSL) whereby GFSL acquired certain assets and liabilities of GFSB from FSLIC. In 1987, GFSL merged with Pelican. Plaintiffs claimed, *inter alia*, that Pelican was liable for the alleged breach of their settlement agreements with GFSB regarding disposition of their "Avenue Plaza" property. On the parties' cross-motions for summary judgment, the Court granted Pelican's motion for summary judgment, dismissed plaintiffs' claims with prejudice, but enforced the terms of the 1986 settlement agreements. This Court found that the

assumption of GFSB by GFSL was nothing more than a form of liquidation, and that GFSL did not assume any undisclosed and unliquidated liabilities from GFSB when it was acquired via FSLIC. However, the Court found that GFSL and Pelican were aware that GFSB had agreed to pay plaintiff John Santopadre a stipulated salary of $104,000 over a one-year period, and to cancel various notes regarding the Avenue Plaza property as part of the 1986 settlement agreements, and found the settlement agreements (relinquishing the Avenue Plaza property, with the management fee payable to Santopadre) enforceable as to these parties. This Court's Order and Reasons of August 9, 1990 specifically stated that plaintiffs had no claim, ordered the Recorder of Mortgages to Cancel The Lis Pendens filed by plaintiffs with the Recorder of Mortgages and Registrar of Conveyances in connection with their action in the Civil District Court for the Parish of New Orleans (# 86–186000), and directed the Clerk of Court to enter final judgment dismissing plaintiffs' complaint with prejudice.

### FACTS

Following these August 6, 1990 and August 9, 1990 Orders and Reasons issued by this Court, the plaintiffs again filed an action in the Civil District Court for the Parish of Orleans (# 90–17541), claiming a 12.5% ownership interest in the Avenue Plaza property, alleging that the mortgage to GFSB securing indebtedness of $17,000,-000, executed by Santopadre in the name of the Avenue Plaza partnership and ratified by Mrs. Santopadre, was invalid on the grounds that the partnership had ceased to exist, and further that this mortgage should be held invalid as to Santopadre and his wife individually even though Santopadre was a general partner and his wife a partner in their Avenue Plaza endeavor. These pleadings are essentially identical to those contained in the "Facts" portion of plaintiffs' Complaint filed in this Court on October 2, 1989, in which the ownership interests of the Avenue Plaza property were clearly at issue. Plaintiffs sought recovery under these pleadings under theories of, *inter alia*, "Breach of Joint Venture Agreement," "Extortion," "Recision, Dissolution and/or Annulment," and "Imposition of Constructive Trust." Upon finding that the 1986 settlement agreements were valid and enforceable as to the current parties, and that Pelican was not liable for the alleged conduct of its predecessor, plaintiffs' Complaint was dismissed with prejudice.

Defendant Pelican moves now for preliminary and permanent injunctive relief, alleging that the plaintiffs' current Petition for Petitory Action in the Civil District Court is a frivolous, thinly disguised attempt to evade the orders of this Court in a matter already fully adjudicated in this Court, and that injunctive relief under 28 U.S.C. § 2283 is appropriate under these circumstances. Pelican requests that the Court enter an Order enjoining Lorraine Aucoin, wife of/and John V. Santopadre from representing to anyone that they have an ownership interest in the Avenue Plaza property, as this issue was wholly resolved by the adjudication in this Court, and that they be ordered to dismiss their current Petition (# 90–17541) in the Civil District Court.

### THE LAW

■ Federal courts have the authority, under 28 U.S.C. § 1651(a) [1], to enjoin a party appearing before it from attempting to litigate the same issues in another court. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); *Kinnear–Weed Corporation v. Humble Oil & Refining Company*, 441 F.2d 631, (5th Cir.1971), *reh. den.*, 404 U.S. 996, 92 S.Ct. 532, 30 L.Ed.2d 549 *cert. denied*, 404 U.S. 941, 92 S.Ct. 285, 30 L.Ed.2d 255 (1971).

---

**1.** 28 U.S.C. § 1651(a) provides:

**Writs**

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C.A. § 1651(a) (West 1966).

In *Kinnear–Weed,* the leading case in the Fifth Circuit on the application of § 1651(a), the plaintiff's petition to set aside judgment against it was denied, with the district court also enjoining Kinnear–Weed from further litigating in any court the patent infringement claims which had been the subject of the suit. Included in the § 1651(a) order were additional claims by the plaintiff regarding allegedly altered physical evidence in the case, which the plaintiff later conceded were baseless but which the court would not then allow plaintiff to withdraw from the record of the case. In upholding the action of the district court in this instance, the Fifth Circuit, per Judge Clark, stated

> Certainly one factor that the district court could and did take into account in exercising its discretion to issue the injunction was the harassing and vexatious character of this litigation. We cannot say that the district court abused its discretion in this regard. Kinnear–Weed asserts that the injunction is too broad because it will be prevented from asserting new and additional factual matters not adjudicated in this proceeding. The injunction does no more than embody the principles of res judicata and collateral estoppel. Kinnear–Weed has had its day in court on the present issues—not once, but several times. We interpret this injunction to preclude Kinnear–Weed from raising any of the issues presented in its original patent infringement suit ...

*Id.* at 637.

Judge Clark then assessed the costs of the appeal, including reasonable attorney's fees incurred by Humble, against Kinnear–Weed, citing Fed.Rule Civ.P.Rule 38 and 28 U.S.C. § 1912. *Id.*

In *Harrelson v. United States,* 613 F.2d 114 (5th Cir.1980), an action was dismissed for failure to prosecute, and injunctive relief was also granted under § 1651(a) enjoining any future litigation on any cause of action arising from the fact situation at issue in that case. Plaintiff had already initiated the action several times before. In upholding the district court's application of injunctive relief under § 1651(a) the Fifth Circuit, per curiam, stated "the district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." *Id.* at 116.

■ Beyond the general language of 28 U.S.C. § 1651(a) respecting the enforcement of a federal court's jurisdiction, the authority of the federal courts to stay state court proceedings in matters already adjudicated by a federal court is specifically addressed and tempered by 28 U.S.C. § 2283.[2] Under § 2283, the essential prerequisite for applying the relitigation exception is that the claim or issue which the federal injunction seeks to preclude from relitigation in a state proceeding actually have been decided by the federal court. *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988), citing *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). This power to enjoin *res judicata* proceedings in state courts is limited, however, and requires that the movant seek injunctive relief in the federal court prior to litigating the *res judicata* issue in the state court. *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). Quite appropriately, then, movant in the instant case, Pelican Homestead and Savings Association, seeks injunctive relief now, prior to having to litigate the *res judicata* defense in the state court.

The leading Fifth Circuit cases applying § 2283 are *International Association of Machinists & Aerospace Workers v. Nix,* 512 F.2d 125, (5th Cir.1975), *reh. den.,* and *Woods Exploration and Producing Company v. Aluminum Company of America,* 438 F.2d 1286, (5th Cir.1971), *reh. den., reh. en banc den. cert. denied,* 404 U.S.

**2.** 28 U.S.C. § 2283 provides:

**Stay of State court proceedings**

A court of the United States may not grant an injunction to stay proceedings except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C.A. § 2283 (West 1978).

1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1971). In *Woods,* the district court rendered summary judgment and judgment n.o.v. in favor of the defendants in an antitrust suit, and enjoined plaintiffs from further prosecuting similar antitrust and state contract claims in the state court. Citing *Atlantic,* supra, the Fifth Circuit upheld the injunction and concluded that the district court decision was *res judicata* of the state proceeding and was therefore justified, and that plaintiff was merely seeking alternative avenues to remedy the same wrong. Citing 1B J. Moore, *Federal Practice* § 0.405[1], at 624, the Court held that *res judicata* "makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, *that were or should have been adjudicated in the proceeding. Woods,* supra, at 1313 (emphasis added).

In *Nix,* the district court enjoined a former union employee from further litigating issues already raised and litigated in both state and federal forums. Nix appealed, claiming his further litigation involved issues and state law theories of recovery not asserted in the previous litigations. In upholding the injunctive relief issued by the district court, the Fifth Circuit, per Judge Gewin, stated

> But Nix's foundation of his state court action on independent theories of state law does not necessarily extricate his suit from the relitigation exception to the Anti–Injunction Act, for while the doctrine of res judicata may not prohibit this new action, the principle of collateral estoppel does constitute a bar ... Thus, even though Nix frames his state court action in terms of state contract law rather than federal labor policy, he may not relitigate the very issue which lies at the core of his claim ... In these circumstances, a federal court need not stand idly by and hope that the state court

perceives that the issues before it formed the basis of prior federal court litigation. Rather the federal court may intervene, pursuant to § 2283, "to protect or effectuate its judgments."

*Nix,* supra, at 131–32.

■ In resolving the claims of the parties in the instant case, this Court found the 1986 settlement agreements between the plaintiffs and GFSB valid and enforceable as against the successors in interest having knowledge of the agreements, and resolved the question of ownership of the Avenue Plaza complex and placed that ownership interest in Pelican alone under the terms of the 1986 agreements. It is clear that the fundamental issue the plaintiffs now present to the state court—the issue of the ownership of the Avenue Plaza property—is one that was fully litigated and ruled upon by this Court. It is also clear that any *new* claims or theories of recovery plaintiffs might now assert regarding the execution of the mortgage were known to the plaintiffs and *should have been* asserted when the entire matter was before this Court. *See Woods,* supra, at 1313. Under Fed.Rules Civ.P.Rule 62, the plaintiffs could have moved this Court, within 10 days of the entry of Judgment, for a Stay, for Additional Findings, for Modifications, or for numerous other forms of relief.[3] They did not do so. Instead, they refiled a Lis Pendens and another action in the state court in which to raise again the issue already decided by this Court. This Court concludes that injunctive relief under 28 U.S.C. § 2283 is appropriate under the facts and circumstances of this case. The Court, however, declines to impose sanctions or award costs and attorney's fees, as Mr. Draper, present counsel for the Santopadres, may not have had the opportunity to be fully apprised of the facts and law as set out herein.[4] While

---

**3.** Plaintiffs filed a timely Notice of Appeal of this Court's decision on August 14, 1990, but did not move for a Stay of the lifting of the Lis Pendens until August 28, 1990—four days after Pelican had recorded this Court's Order with the Recorder of Mortgages and Registrar of Conveyances for the Parish of Orleans. This untimely motion was subsequently withdrawn by the

plaintiffs on September 20, 1990 prior to ruling upon it and after refiling a new Lis Pendens and action in the state court on September 7, 1990.

**4.** The motion to substitute Mr. Draper as counsel was filed on August 20, 1990 and signed by the Court on August 21, 1990.

arguably sanctions are due, the Court under the circumstances of this case, and to avoid a chilling affect on advocacy, does not impose such at this time.

Accordingly, the Motion of Pelican Homestead And Savings Association for Preliminary and Permanent Injunction is GRANTED, and IT IS ORDERED that Lorraine Aucoin, wife of/and John V. Santopadre, their attorneys, agents or employees, be and are hereby permanently restrained and enjoined from taking any steps in prosecution of the matter entitled "John V. Santopadre v. Pelican Homestead and Savings Association," Case No. 90–17541, Division "B" of the Civil District Court for the Parish of Orleans, including the filing of a Notice of Lis Pendens, and representing to anyone in a manner that could create a cloud on the title on the hereinafter described property, other than by an appeal of this order, that they are owners of an undivided interest of any nature in the "Avenue Plaza" property, certain pieces of real estate known as Municipal Nos. 2101–2119 St. Charles Avenue, and 2120 Carondelet Street and Lots 12, 13 and 14 and pt. Lot 11, Sq. 236, New Orleans, Louisiana.

IT IS FURTHER ORDERED that both the Recorder of Mortgages and the Notarial Archives for the Parish of Orleans shall forthwith make mention in the records of their offices of the within orders CANCELLING THE LIS PENDENS filed with the Recorder of Mortgages as Instrument No. 108474 and in the Notarial Archives as No. 859289 on September 7, 1990, and CANCELLING THE AMENDED LIS PENDENS filed with the Recorder of Mortgages as Instrument No. 110038, MOB 2793, folio 557, and in the Notarial Archives as No. 861443, on September 27, 1990 in connection with the matter entitled "John V. Santopadre v. Pelican Homestead and Savings Association," Case No. 90–17541, Division "B" of the Civil District Court for the Parish of Orleans, State of Louisiana, and shall cancel and erase said inscriptions from the records of their offices.