99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
GOLUB CORPORATION and K-Mart Corporation, Plaintiffs-Appellants,
v.
CURRY ROAD LTD., Defendant-Appellee.
 No. 94-9213.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 APPEARING FOR APPELLANT: MICHAEL McNEIL, Iseman, Cunningham, Riester & Hyde, Albany, NY.
 APPEARING FOR APPELLEE: FRANK C. O'CONNOR, III, Gleason, Dunn, Walsh & O'Shea, Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 Before FEINBERG, JACOBS and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Plaintiffs Golub Corporation ("Golub") and K Mart Corporation ("K Mart") appeal the dismissal of their claims on summary judgment by the United States District Court for the Northern District of New York (McAvoy, C.J.). We affirm.
 
 
 4
 Curry Road Limited ("Curry Road") is the landlord and K Mart was the tenant of a store in the Curry Road Shopping Center in Rotterdam, New York. In 1988, Curry Road objected to a sublease entered into between K Mart and Golub. Relying on the interplay between two clauses in the lease agreement, Curry Road claimed that, once K Mart sublet the premises to Golub, Curry Road had a right to terminate the master lease. K Mart, however, relying on the interplay between the same two clauses, argued that Curry Road could terminate only if K Mart ceased to operate any store on the premises and allowed the space to "go dark."
 
 
 5
 In January 1989, Curry Road sued K Mart in New York state court, seeking declaratory relief on the lease dispute. K Mart removed the case to the United States District Court for the Northern District of New York. Meanwhile, K Mart filed a separate action in the Northern District against Curry Road, also seeking declaratory relief, and Curry Road named and served Golub as a counterclaim defendant. The two cases were considered jointly by the district court. Jurisdiction was premised on diversity of citizenship: K Mart is a Michigan corporation, Golub is a Delaware corporation with its principal place of business in New York, and Curry Road was deemed a Colorado limited partnership. The district court (Cholakis, J.), finding that the lease language was unambiguous, granted summary judgment in favor of Curry Road. On appeal, we concluded as a matter of New York law that the lease language in fact was ambiguous, and we reversed and remanded, so that the parties could present extrinsic evidence of intent. Curry Road Ltd. v. K Mart Corp., 893 F.2d 509 (2d Cir.1990).
 
 
 6
 After remand from this Court, the parties engaged in discovery. During this time, the Supreme Court decided C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990), holding that the citizenship of each limited partner in a limited partnership must be considered in determining whether or not there is complete diversity of citizenship. In light of that holding, it became clear that there was no diversity between Curry Road and Golub, because one of Curry Road's limited partners was a citizen of New York. Curry Road, wishing to see the controversy resolved, moved to drop Golub as a party. Golub and K Mart urged the district court to dismiss the entire action instead and remand the case to New York state court. The district court held that Golub was an indispensable party to the litigation and remanded the action to state court.
 
 
 7
 Following remand, the New York State Supreme Court stated that it was not bound by this Court's prior decision, because there had been no federal subject matter jurisdiction. The state court found that the negotiators of the contract had never discussed the critical interplay between the two disputed clauses, and therefore that the court must rely entirely on the disputed contract language. Moreover, the court held that the language was not ambiguous, and granted partial summary judgment to Curry Road. The Appellate Division affirmed, and the New York Court of Appeals denied permission to appeal. Following these proceedings, Golub and K Mart commenced this action in the district court, alleging that the state court judgment constituted an impermissible collateral attack on this Court's prior decision and seeking an injunction to prevent Curry Road from taking any action inconsistent with that ruling. The district court dismissed the complaint on principles of full faith and credit.
 
 
 8
 Golub and K Mart contend that principles of full faith and credit do not apply, because a state court cannot reduce a federal court's ruling to a nullity. The premise of this argument is defective. This Court lacked subject matter jurisdiction to resolve these issues of New York law. After the remand from this Court to the district court, the district court correctly held that the presence of Golub, an indispensable party, precluded diversity jurisdiction. Had this case originated in federal court, the district court would have had no choice but to dismiss the case altogether, without prejudice, since the parties chose not to dispute further whether Golub was an indispensable party. The parties would then have been free to litigate this matter in New York state court, as if the federal proceedings had never occurred, subject only to such preclusive effect as New York law chose to accord. Here, the New York State Supreme Court held that there was none.
 
 
 9
 We are puzzled by the protestations of Golub and K Mart that federal judicial power is threatened by the circumstances of this case. Since the district court and this Court had no subject matter jurisdiction, there is no federal judicial interest in this case to be protected. The fact that the ruling we are urged to "protect" is a ruling of state law--whether certain contract language was ambiguous--underscores the lack of any federal judicial interest, particularly since plaintiffs would have us uphold a federal court's interpretation of state law over the clear rulings of the courts of that very state in this very case.
 
 
 10
 The Full Faith and Credit Act provides, in part, that state court judgments "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. The effect of the Full Faith and Credit Act in a controversy may be limited by the exceptions specified in the Anti-Injunction Act, which provides:
 
 
 11
 A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
 
 
 12
 28 U.S.C. § 2283. Since no act of Congress applies and we certainly have no need to aid our jurisdiction, we are bound to give full faith and credit to the New York court judgment, unless we have need to "protect or effectuate" a judgment of this Court. Yet, as discussed above, we can discern no "judgment" or other federal interest that we should "protect or effectuate" by injunction.
 
 
 13
 Moreover, in Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518 (1986), the Supreme Court held that, once a state court makes a final judgment rejecting a litigant's claim of res judicata in an action in which he or she prevailed in federal court, the Full Faith and Credit Act prevents the federal court from invoking the Anti-Injunction Act to "protect and effectuate" its judgment at the litigant's request. Parsons Steel, 474 U.S. at 522-26. It remains only for the federal court to "turn to state law to determine the preclusive effect of the state court's decision." Id. at 524. "Challenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from [the Supreme] Court." Id. at 525.
 
 
 14
 Thus, even if the New York state court had erred, which it did not, in construing the effect of our prior ruling on the ambiguity of the contract language, we agree with the district court that this case would be controlled by Parsons Steel; that New York courts would accord complete preclusive effect to the judgment of the New York Supreme Court, affirmed by the Appellate Division; and that the district court and this Court are constrained to do the same.
 
 
 15
 As the district court noted, although Golub and K Mart seek injunctive relief against Curry Road, and not against a New York state court, the practical effect of such relief implicates the Anti-Injunction Act. "It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970).
 
 
 16
 For the reasons set forth above, we affirm the judgment of the district court.