**Lawrence E. BOWLING, Plaintiff,**

**v.**

**Jeanette McVAY, et al., Defendants.**

**Civil Action No. 6:97–0463.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 3, 1997.

Lawrence E. Bowling, Berea, KY, pro se.

Steven P. McGowan, Charleston, WV, Ancil G. Ramey, Charleston, WV, for Jeanette McVay, D.J. Martin, David Moore, Leah Taylor, Charles McCarty.

Carolyn Monk, Kenna, WV, pro se.

William Monk, Kenna, WV, pro se.

## ORDER

HADEN, Chief Judge.

This action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Report–Recommendation was filed on June 11, 1997. Plaintiffs' objections were filed on June 23, 1997.

Having reviewed *de novo* those portions of the Magistrate Judge's Report–Recommendation to which Plaintiff objects, the Court concludes the objections are without merit. Accordingly, the Court adopts and incorporates herein the Magistrate Judge's Report–Recommendation, **GRANTS** Defendants McVay's, Martin's, Moore's, Taylor's and McCarthy's motions to dismiss, **GRANTS** Defendants Carolyn Monk's and William Monk's motion for judgment on the pleadings, **DENIES** Plaintiff's letter construed as a motion to amend complaint and **ORDERS** the action stricken from the docket.

## REPORT–RECOMMENDATION

HOGG, United States Magistrate Judge.

June 12, 1997.

The plaintiff filed a complaint *pro se* pursuant to 28 U.S.C. §§ 1332, 1343, 2201, and 2202; 42 U.S.C. §§ 1983, 1988; West Virginia Constitution Article III, § 7; and W.Va. Code § 29B–1–4(2).

The matter was referred to the undersigned United States magistrate judge to make proposed findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the LOCAL RULES OF MAGISTRATE JUDGE PROCEDURE.

On May 15, 1997, defendants, McVay, Martin, Moore, Taylor, and McCarty, by counsel, filed a motion to dismiss.

On May 16, 1997, defendants Carolyn Monk and William Monk, *pro se*, filed answers, which this Court is considering as motions for judgment on the pleadings.

On May 23, 1997, plaintiff filed a response to the motion to dismiss.

On June 9, 1997, the undersigned magistrate judge received a letter [1] from the plaintiff which this court has construed as a motion to amend the complaint.

Based on a careful review of the record before the undersigned magistrate judge, the letter-form motion to amend complaint should be denied, the motion to dismiss should be granted, the action against defendants Carolyn Monk and William Monk also

---

1. The letter enclosed plaintiff's FIRST AMENDED COMPLAINT and the deputy clerk's letter dated June 2, 1997, to plaintiff returning the First Amended Complaint to him and setting forth the appropriate provision of Rule 15, F.R.Civ.P.

dismissed, and this action stricken from the docket of the court.

The plaintiff's complaint in this action is, in essence, an appeal from adverse judgments in two separate actions in the Circuit Court of Jackson County, West Virginia. An appeal from an adverse decision of the Circuit Court of Jackson County in the first action was denied by the Supreme Court of West Virginia on September 5, 1996. A final judgment of the Circuit Court of Jackson County in the second action entered on March 13, 1997, apparently has not been appealed.

The first action instituted by the plaintiff in the Circuit Court of Jackson County, styled *Bowling v. Monk,* Civil Action No. 92–C–245, was a paternity action brought by the plaintiff alleging that the plaintiff's son is the biological father of two children of the defendant Carolyn Monk. After the plaintiff failed to prevail in this action, he appealed to the Supreme Court of Appeals of West Virginia and his petition for appeal was unanimously refused by the Court on September 5, 1996. (Exhibit A to Defs.' Motion to Dismiss) After his appeal was rejected, the plaintiff filed a motion for reconsideration, which was unanimously rejected by the Supreme Court of Appeals of West Virginia on the 4th day of December, 1996, with the notation that it was "without prejudice to proceed to the circuit court to seek relief under Rule 60(b), Rules of Civil Procedure, or other legal remedies." (Exhibit B to Defs.' Motion to Dismiss) Thereafter, as noted in the complaint, the plaintiff filed a motion in the first action, pursuant to West Virginia Rules of Civil Procedure 60(b), which was consolidated with the plaintiff's second action. Eventually, both actions were dismissed by order entered on the March 13, 1997. (Exhibit C to Defs.' Motion to Dismiss)

The second action, styled *Bowling v. Monk,* Civil Action No. 96–C–55, as noted in the complaint, was a guardianship petition brought by the plaintiff seeking custody of the two children. Eventually, in conjunction with this proceeding, the plaintiff filed a request with the Sheriff of Jackson County under the West Virginia Freedom of Information Act seeking certain investigatory records. The plaintiff also failed to prevail in this action which resulted in an order entered by the defendant, Judge Charles E. McCarty on March 13, 1997. (Exhibit C to Defs.' Motion to Dismiss) Under W.Va.Code § 58–5–4 (1990), the plaintiff has four months from the date of that judgment to file a petition for appeal to the Supreme Court of Appeals of West Virginia. As of May 15, 1997, such appeal has not been filed.

The plaintiff's complaint in this action requests injunctive and monetary relief. However, the plaintiff's claim against defendant McCarty is barred by the doctrine of judicial immunity. The plaintiff's claims against defendants McVay, Martin, Moore, Taylor, Carolyn Monk, and William Monk are all premised on the West Virginia Freedom of Information Act and barred by the doctrines of res judicata and collateral estoppel. Accordingly, the defendants are entitled to an order dismissing the complaint for failure to state a claim upon which relief may be awarded under Fed.R.Civ.P. 12(b)(6).

■ First, the allegations as contained in the instant civil action clearly stem from defendant McCarty's employment as a Jackson County Circuit Judge; thus, defendant McCarty is entitled to absolute immunity on all claims.

■ As a judge of a court of general jurisdiction, *See W.Va. Const., art. VIII § 6,* defendant McCarty is clothed with absolute judicial immunity for all actions undertaken by him with regard to the civil litigation against Carolyn Monk and William Monk. Judges who are sued for monetary relief are absolutely immune from individual liability for their "judicial acts" so long as they do not act in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331, 338–39, *reh'g. denied,* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); *Carey v. Dostert,* 185 W.Va. 247, 406 S.E.2d 678. The plaintiff attempts to avoid application of the doctrine of judicial immunity by alleging that Judge McCarty stated to the plaintiff "outside of chambers," that "If you have that kind of money to give away, give me some." The plaintiff refers to this comment as a "solicitation." However, even the complaint indi-

cates that this comment was made within the context of Judge McCarty's advice to the plaintiff regarding the desirability of seeking representation by an attorney. As the complaint notes, the plaintiff had established bank accounts totaling $200,000 for the two children involved. Yet, he was unrepresented by counsel in the paternity action. Defendant McCarty's remarks were clearly intended to persuade the plaintiff to consider obtaining legal representation.

There are no allegations that defendant McCarty's actions were taken in any capacity other than his official capacity as a Circuit Court Judge of Jackson County. Further, there are no allegations that defendant McCarty's conduct was in the absence of jurisdiction. *See Stump, supra* and *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Clearly, defendant McCarty's actions were taken in his official capacity as a Circuit Judge of Jackson County and his conduct of which plaintiff complains was a "judicial function."

Moreover, plaintiff has failed to demonstrate or even allege that any action taken by defendant McCarty in the paternity litigation in state court was taken in excess of or in absence of any jurisdiction or in his individual rather than official capacity. The complaint indicates that plaintiff is seeking recovery from defendant McCarty based upon his statements made while discussing submission of a proposed order requiring blood tests. Even if, as the complaint alleges, this conversation occurred outside the courtroom, the plaintiff was addressing defendant McCarty in his judicial capacity.

The complaint filed in this case was obviously precipitated not by Judge McCarty's comment, but by Judge McCarty's final decision in the paternity lawsuits instituted by plaintiff, which is at the heart of the doctrine of judicial immunity. The plaintiff's remedy if he was dissatisfied with Judge McCarty's decisions was to file a petition for appeal, which he pursued after the adverse decision in the first case and which remains an option in the second case. Thus, defendant McCarty's motion to dismiss should be granted.

With regard to defendants McVay, Martin, Moore, Taylor, Carolyn Monk, and William Monk, the plaintiff's causes of action are barred by the Full Faith and Credit Clause of the United States Constitution, 28 U.S.C.S. § 1738, the doctrine of res judicata, and the doctrine of collateral estoppel. All of the plaintiff's remaining claims are predicated solely on relitigation of Judge McCarty's adverse ruling on his action under the West Virginia Freedom of Information Act.

Under the Full Faith and Credit Clause of the United States Constitution and 28 U.S.C.S. § 1738, federal courts must give a state court judgment the same preclusive effect as would be given the judgment under the law of the state in which the judgment was rendered. *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

With respect to the doctrine of res judicata, the Supreme Court of Appeals of West Virginia held in *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114, 120 (1995), that:

> *Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating issues that were decided or the issues that could have been decided in the earlier action. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308, 313 (1980); *In re McIntosh's Estate,* 144 W.Va. 583, 109 S.E.2d 153 (1959). A claim is barred by *res judicata* when the prior action involves identical claims and the same parties or their privies.

*See also* 46 Am.Jur.2d *Judgments* § 514, at 775 (1994) ("[T]he doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."). [Footnotes omitted].

With respect to the doctrine of collateral estoppel, the Supreme Court of Appeals of West Virginia held in Syllabus Point 1 of *State v. Miller, supra,* that:

Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*See also* Syl. pt. 1, *Haba v. Big Arm Bar and Grill, Inc.,* 196 W.Va. 129, 468 S.E.2d 915 (1996).

■ Thus, under West Virginia law, while the essence of res judicata is one of "claim preclusion," i.e., a litigant is barred from relitigating a "claim" formerly adjudicated, the essence of collateral estoppel is one of "issue preclusion," i.e., a litigant is barred from relitigating an "issue" formerly adjudicated.

All of the plaintiff's remaining claims are predicated solely on relitigation of Judge McCarty's adverse ruling on his action under the West Virginia Freedom of Information Act. To the extent that such "claims" are presented, they are barred by the doctrine of res judicata. To the extent that the "issues" presented by such claims were actually litigated in the proceeding in the Circuit Court of Jackson County, they are barred by the doctrine of collateral estoppel.

As defendants (McVay, Martin, Moore, Taylor, and McCarty) note in their motion to dismiss, there is nothing new in the complaint filed with this court. The plaintiff is merely attempting to reassert claims which have already been adjudicated in state court. In fact, plaintiff admits that this arises from actions in Jackson County Circuit Court in paragraph 5 of his complaint. Consequently, such claims, even if true, are barred by full faith and credit, 28 U.S.C.S. § 1738, the doctrine of res judicata, and the doctrine of collateral estoppel. Accordingly, the motion to dismiss should be granted and defendants Carolyn Monk and William Monk should also be dismissed as plaintiff has failed to state a claim upon which relief can be granted.

■ With regard to plaintiff's letter dated June 7, 1997, which is being construed as a motion to amend complaint, Rule 15 of the Federal Rules of Civil Procedure provides in part, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party...." In this instance, defendants Carolyn Monk and William Monk filed answers on May 16, 1997; therefore, plaintiff is estopped from filing an amended complaint without leave of the court. The motion to amend complaint should be denied because the proposed amended complaint, even as amended, is subject to dismissal. *See Moore v. Kayport Package Exp.,* 885 F.2d 531 (9th Cir.1989).

Accordingly, for the reasons stated above, it is

**RECOMMENDED** that plaintiff's letter construed as a motion to amend complaint be denied; defendants' (McVay, Martin, Moore, Taylor, and McCarty) motion to dismiss be granted; judgment on the pleadings for defendants' Carolyn Monk and William Monk be granted, and this action be stricken from the docket of the court.

Plaintiff and defendants are hereby notified that a copy of this **REPORT–RECOMMENDATION** will be submitted to the Honorable Charles H. Haden II, Chief Judge, and that, in accordance with the provisions of the parties may, within 13 days of the date of filing of this **REPORT–RECOMMENDATION** serve and file written objections with the Clerk of this court, identifying the portions of the **REPORT–RECOMMENDATION** to which objection is made and the basis for such objections. The Judge will make a de novo determination of those portions of the **REPORT–RECOMMENDATION** to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such **REPORT–RECOMMENDATION.** Copies of objections shall be served on all parties

with copies of the same to Judge Haden and this magistrate judge.

The Clerk is directed to mail a certified copy of this **REPORT–RECOMMENDA-TION** to the plaintiff, to defendants' Carolyn Monk and William Monk, and to counsel for the defendants.