**CLD-226**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1010
_____

DEBRA PORTER,
                              Appellant

v.

TD BANK N.A., f/n/a Commerce Bank, N.A.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:10-cv-07243)
District Judge:  Honorable William H. Yohn, Jr.
_____

Submitted on the Motion to Proceed In Forma Pauperis and
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  June 3, 2013)
_____

OPINION
_____

PER CURIAM

        As we write primarily for the parties, who are familiar with the facts, we will not

repeat the District Court's thorough description of the events that led to this litigation.

We will merely summarize that Debra Porter sought a declaration that her unrecorded

mortgage on a property had priority status over a mortgage that TD Bank, N.A. ("TD Bank)[1] held on the property, and the Pardes Group ("Pardes"), the third-party purchaser of the property, intervened.

TD Bank and Pardes sought summary judgment on the basis that Porter was barred from claiming priority over TD Bank's mortgage in light of a ruling from the Pennsylvania Superior Court. The District Court granted the motion, and denied Porter's subsequent motion for reconsideration and request for leave to amend her complaint. Porter filed a notice of appeal and an application to proceed *in forma pauperis*, which we grant. TD Bank and Pardes urge us to summarily affirm the District Court's judgment while Porter argues that we should vacate it.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the decision granting summary judgment in favor of the defendants is plenary. See Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001). We review the order denying the motion for reconsideration and the request for leave to amend for abuse of discretion. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). Upon review, because no substantial question is presented on appeal, we will affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] As the District Court noted, TD Bank is the successor to Commerce Bank, N.A., which was involved in the events underlying this litigation.

The defendants asked the District Court to give preclusive effect to the Pennsylvania Superior Court's holding that Porter "is collaterally estopped from arguing that her unrecorded mortgage of July 20, 2005, has a priority position over [TD Bank's] August 25, 2005 loan." Commerce Bank, N.A. v. Porterra, LLC, No. 713 EDA 2011, slip op. at 12-13 (Pa. Super. Ct. Apr. 10, 2012) (nonprecedential opinion) (Ex. B to Pardes's Motion for Summary Judgment). As the District Court explained, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980) (citing the Full Faith and Credit Act, 28 U.S.C. § 1738). The requirement extends to a federal court's treatment of a state-court determination about the conclusive effect of a judgment. Cf. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525 (1986).

The District Court properly stated and applied Pennsylvania's rules regarding the preclusive effect of prior state court judgments. See Nationwide Mut. Fire Ins. Co. v. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir. 2009) (citing Rue v. K-Mart Corp., 713 A.2d 82, 84 (Pa. 1998)). We agree with its analysis and conclude that there is no genuine issue of material fact regarding whether Porter could relitigate the issue of the priority of her unrecorded mortgage over TD Bank's mortgage in light of the Pennsylvania court's ruling. Accordingly, the District Court properly granted summary judgment in favor of

the defendants. The District Court also properly denied reconsideration, and, in light of

Porter's delay in seeking to amend her complaint, properly denied leave to amend.[2]

For these reasons, we will affirm the District Court's judgment.[3]

---

[2] We recognize, as the District Court did, that there is evidence that Porter's former business partner may have purposely caused her mortgage not to be recorded, and we also are aware that Porter makes claims of wrongdoing by TD Bank (which TD Bank disputes). However, we agree with the District Court that the evidence and allegations do not rise to the level of "manifest injustice," Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (setting forth the bases for reconsideration), to merit reconsideration under the circumstances of this case, where Porter had a full and fair opportunity to litigate the issues in state court. We note, also, that although it is unclear whether she has been, or will be, able to collect on it, Porter won a multi-million dollar judgment (against other defendants) in state court litigation related to this matter.

[3] As we noted above, we grant her motion to proceed *in forma pauperis*.