ACCEPTED
04-15-00350-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/6/2015 4:33:08 PM
KEITH HOTTLE
CLERK

## No. 04-15-00350-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/6/2015 4:33:08 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO

**Jack Rettig,**
**Appellant**

**v.**

**Patrick Mendoza and Christopher Garcia,**
**Appellees**

Appeal from the 111th District Court of Webb County, Texas

**APPELLEE CHRISTOPHER GARCIA'S**
**RESPONSE TO MOTION TO ABATE APPEAL**

**BECKSTEAD TERRY, PLLC**

Jana K. Terry
State Bar No. 24003041
9442 N. Capital of Texas Hwy
Arboretum Plaza One, Suite 500
Austin, TX 78759
(512) 827-3574; (855) 845-3262 fax
jterry@becksteadterry.com

*Attorneys for Appellee*
*Christopher Garcia*

1

TO THE HONORABLE FOURTH COURT OF APPEALS:

COMES NOW Appellee Christopher Garcia and files this Response to Motion to Abate Appeal, and for cause would show:

## **FACTUAL BACKGROUND**

In 2014, Appellant Rettig filed suit against Appellees Garcia and Mendoza (and three other individuals) in the United States District Court for the Eastern District of Louisiana (the "Federal Court") in Civil Action No. 14-996 (the "Louisiana Action"). On August 19, 2014, Rettig filed a motion for summary judgment but did not serve it on the five individual defendants, who were then proceeding pro se. The Federal Court granted the motion for summary judgment on September 22, 2014 even though Appellee Mendoza had not filed any response and, according to the certificate of service of Rettig's counsel, Mendoza had not been served with the motion for summary judgment. On September 30, 2014, the Federal Court entered a judgment against all of the individual defendants in the amount of $2,692,895.23, plus 14% interest and attorneys' fees to be determined later (the "Foreign Judgment").

Rettig then sought to domesticate the Foreign Judgment in Texas under the Uniform Enforcement of Foreign Judgments Act by filing a certified copy of the Foreign Judgment in Cause No. 2014-57941 in the Harris County District Court. Thereafter, Appellees Mendoza and Garcia timely filed motions to transfer venue

2

and, subject thereto, motions to vacate the judgment. As venue was improper, the Harris County District Court granted the motions to transfer to Webb County, which had the effect of vacating the judgment that had been automatically entered in the Harris County District Court because improper venue is never harmless and always reversible error.

Upon the docketing of the case in Webb County, which had the effect of again automatically entering a new domesticated judgment, Appellees again filed motions to vacate the judgment. The Webb County District Court's orders granting Garcia's and Mendoza's motions to vacate the judgment are the orders at issue in Rettig's appeal. Pursuant to Federal Rule of Civil Procedure 60(b), Appellee Mendoza has also filed a motion in the Louisiana Action to vacate the Foreign Judgment.

**APPELLEE GARCIA OPPOSES THE REQUESTED ABATEMENT, TO THE EXTENT RELATED TO THE FEDERAL COURT ACTION**

Appellant Rettig is asking that this Court abate the appeal until such time as the Federal Court determines Mendoza's pending Rule 60 motion. However, in connection with Rettig's earlier unsuccessful attempt to have the Federal Court enjoin the case in Webb County, Rettig argued that the Webb County District Court's ruling would have a *res judicata* effect upon the Federal Court, not vice versa.

Specifically, in a Memorandum in Support of his Motion for Preliminary Injunction (the "Memorandum"), Rettig argued that, if the Webb County Action were permitted to proceed, he would be unable to have recourse in the Federal Court.

3

*See* Memorandum (Docket No. 50-3), at 27.  Citing United States Supreme Court and local authority, Rettig explained that if the Webb County District Court granted Appellees' motions to vacate, the Federal Court would "no longer be permitted to protect or effectuate its judgment, but must instead sit by as its authority is determined by another sovereign." *Id.* (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986) and *Raj v. Tomasetti*, No. 03-1993, 2008 WL 2718905, at *3 (E.D. La. July 11, 2008 (Vance, J.)).

As stated by Rettig, "[t]he U.S. Supreme Court has explained that ***'[c]hallenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from [the U.S. Supreme Court***].'"  Memorandum, at 27 (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986)) (emphasis added).  In reply briefing that Rettig filed with the Federal Court, Rettig argued further that "any ruling by the Webb County District Court w[ould] be *res judicata* and entitled to full faith and credit by all other courts, *including* [the Federal] Court."  Reply to Defendants' Oppositions to Plaintiff's Motion for Preliminary Injunction (Docket No. 63-2), at 3 (emphasis added).

Notwithstanding these arguments, the Federal Court denied Appellant's motion for preliminary injunction and permitted the Webb County action to proceed. *See* the Federal Court's April 29, 2015 Order and Reasons (Docket No. 71).

Thereafter, the Webb County District Court did, indeed, vacate the judgment as domesticated in Texas. Rettig's challenge to the Webb County District Court's rulings, per his own arguments and the cases he cited, belongs in the Texas state court appeal process – and the Federal Court does not disagree. Accordingly, the Federal Court action in Louisiana is no basis for an abatement of this Court's proceedings.

## **PRAYER**

WHEREFORE, Appellee Christopher Garcia prays the Court to DENY Appellant Rettig's motion to abate this appeal until the foreign court – the Louisiana federal court -- rules on Appellee Mendoza's pending Rule 60 motion. Garcia prays for all other relief to which he is entitled.

Respectfully submitted,

*/s/ Jana K. Terry*
Jana K. Terry
State Bar No. 24003041
**Beckstead Terry, PLLC**
9442 N. Capital of Texas Hwy
Arboretum Plaza One, Suite 500
(512) 827-3574; (855) 845-3262 fax
jterry@becksteadterry.com
*Attorneys for Christopher Garcia*

5

**[VERIFICATION** – see attached]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Appellate and Civil Procedure, on counsel named below, on this the __6th___ day of July, 2015.

Audrey Mullert Vicknair – *counsel for Appellant Rettig*
LAW OFFICE OF AUDREY MULLERT VICKNAIR
802 N. Carancahua Ste. 1350
Corpus Christi, Texas 78401-0022

C.M. Henkel III – *counsel for Appellant Rettig*
Fritz Byrne Head & Fitzpatrick PLLC
500 North Shoreline, Suite 901
Corpus Christi, Texas 78401

Lance H. Beshara – *counsel for Appellee Mendoza*
PULMAN CAPPUCCIO
PULLEN BENSON & JONES, LLP
2161 N.W. Military Hwy., Suite 400
San Antonio, Texas 78213

By tex.gov electronic filing system

*/s/ Jana K. Terry*
Jana K. Terry

No. 04-15-00350-CV

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO

**Jack Rettig,**
**Appellant**

v.

**Patrick Mendoza and Christopher Garcia,**
**Appellees**

Appeal from the 111th District Court of Webb County, Texas

**VERIFICATION**

BEFORE ME the undersigned Notary Public appeared JANA TERRY, who upon her oath was deposed and said:

"My name is Jana K. Terry. I am an attorney licensed and in good standing with the State Bar of Texas. I am competent to make this affidavit and the facts stated herein are true and correct. I have reviewed the foregoing Response to Motion to Abate Appeal. The facts stated in the Response are true and correct, and are supported by the documents and orders on file in the underlying cause and in Civil Action No. 14-996 in the United States District Court for the Eastern District of Louisiana.

Further Affiant Sayeth Not."

SWORN BEFORE ME the undersigned notary public for the State of Texas, on this 6th day of July, 2015.

_____
Notary Public



SUSAN DEMIANY
MY COMMISSION EXPIRES
August 15, 2016

6