Mohamed F. EL–HEWIE, Appellant

v.

BERGEN COUNTY; Board of Education of the Bergen County Vocational School District; Dennis McNerney, Bergen County Executive; Jack Drakeford, President of Boe; Aaron R. Graham, BCTS Board Member and Bergen County Superintendent; Berni Lynn Koch, BCTS Board Vice President; Lazaro Carvajal, BCTS Board Member; Angela Taylor, BCTS Board Member; Robert J. Aloia, Superintendent; Thomas Klemm, Director of Human Resources; Raymond J. Volpe, Supervisor; Richard Panicucci, Supervisor; Patricia T. Cosgrove, ex-school principal; Russell Davis, vice principal; Dennis Montone, supervisor; Joseph Holbrook, Teacher; Linda Eickmeyer, Teacher; Linda Theos, Manager; Bradley M. Wilson, Board Attorney, and; William C. Soukas, Board Attorney; Robert R. Higgins; New Jersey Office of Administrative Law; Hon. Margaret M. Monaco; Lucille E. Davy; Department of Law Public Safety Division of Law; New Jersey Department of Education.

No. 08–4900.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 11, 2009.

Opinion filed: Sept. 17, 2009.

believe that it sufficiently addresses the issue of past persecution—albeit barely—to place that issue before us.

Mohamed F. El–Hewie, West Paterson, NJ, pro se.

Ian C. Doris, Esq., Bradley M. Wilson, Esq., Nowell, Amoroso, Klein & Bierman, John R. Gonzo, Esq., Kaufman, Dolowich, Voluck & Gonzo, Hackensack, NJ, Melissa T. Dutton, Esq., Office of Attorney General of New Jersey, Trenton, NJ, for Appellees.

Before: McKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Mohamed F. El–Hewie, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey granting the defendants' motions to dismiss his federal claims and declining to adjudicate his state-law claims. We will affirm in part, vacate in part, and remand to the District Court for further proceedings.

### I.

This dispute arises out of a decision by the Board of Education of the Bergen County Vocational School District ("the Board") not to renew El–Hewie's contract for employment as a provisional teacher for the 2006–2007 school year. El–Hewie filed a petition with the New Jersey Department of Education alleging that the Board discriminated against him and violated various state laws and regulations governing provisional teachers. Following a six-day hearing, an administrative law judge ("ALJ") dismissed the petition, concluding that El–Hewie's claims were without merit. In particular, the ALJ held that "the Board [complied] with all of the statutory requirements governing the nonrenewal of a teacher," that the Board's "decision not to renew the petitioner's employment is supported by substantial, credible evidence, and cannot be said to be arbitrary or capricious," and that, under standards applicable to New Jersey's Law Against Discrimination ("LAD"), the "petitioner has failed to shoulder his burden of proof with regard to any discrimination claim." On April 10, 2008, the New Jersey Commissioner of Education affirmed the dismissal of El–Hewie's claims.[1] El–Hew-

---

1. The New Jersey Supreme Court has noted    that the Commissioner of Education and the

ie's appeal to the state Board of Education apparently remains pending. *See* N.J.S.A. § 18A:6–27, repealed by L.2008, c. 36, § 7 (eff. July 7, 2008).

Meanwhile, El–Hewie filed a complaint in the United States District Court for the District of New Jersey, raising employment discrimination, civil rights, and state education law claims.[2] He named as defendants: the Board, its members, administrators, and staff members ("the Board Defendants"); two private attorneys who represented the Board Defendants in the state administrative proceedings ("the Attorney Defendants"); the New Jersey Office of Administrative Law and the administrative law judge who presided over his case ("the Administrative Law Defendants"); and the New Jersey Department of Law and Public Safety, the New Jersey Department of Education and New Jersey's Commissioner and Acting Secretary of Education ("the State Defendants.").[3]

The District Court held that El–Hewie did not have a protected property interest in renewal of his employment contract, concluded that the state administrative proceedings had a preclusive effect on his federal claims, and declined to hear his state-law claims.[4] Consequently, the District Court granted the defendants' motion to dismiss. This appeal followed.[5]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of the Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir.2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)

---

Division of Civil Rights have concurrent jurisdiction in discrimination cases concerning education, but that "[b]ecause the discrimination occurs in a public education context, the Commissioner has the predominant interest in the subject matter." *Balsley v. N. Hunterdon Reg'l Sch. Dist. Bd. of Educ.*, 117 N.J. 434, 568 A.2d 895, 902 (1990).

2. In particular, El–Hewie cited 42 U.S.C. §§ 1981, 1983, 1985, 1986; N.J.S.A. § 18A:27–4.1.a (pertaining to a board of education's appointment, transfer, or removal of officers and employees); and N.J.A.C. §§ 6A:9–8.3 ("Requirements for Instructional Certificate"), 6A:9–3.3 ("Professional Standards for Teachers"), and 6A:9–3.4 ("Professional Standards for School Leaders").

3. El–Hewie's complaint also named Bergen County and the County Executive, Dennis McNerney. Those parties moved in this Court to be excused from filing a brief because El–Hewie makes "no mention of any errors by the District Court that would … [warrant] overturn[ing] the District Court's Decision as it pertains to the County of Bergen and Dennis McNerney." We granted that motion, and now hold that El–Hewie has

waived his claims against those parties. *See In re Surrick*, 338 F.3d 224, 237 (3d Cir.2003).

4. The District Court also concluded that the Attorney Defendants were immune from suit pursuant to the "litigation privilege," that the Administrative Law Defendants were entitled to judicial immunity, and that the State Defendants were immune from suit under the Eleventh Amendment. El–Hewie has waived any challenge to these determinations because he failed to meaningfully raise these issues in his opening brief. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)).

5. After El–Hewie appealed, he filed a motion for a new trial. We stayed the appeal pending disposition of that motion. The District Court denied the motion for a new trial by order entered February 19, 2009.

(per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court may consider the allegations of the complaint, exhibits attached thereto, and matters of public record, including administrative decisions. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426–27 (3d Cir.1999); *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 256 n. 5 (3d Cir.2006) (rejecting argument that district court should have converted motion to dismiss into one for summary judgment where it considered preclusive effect of Trademark Trial and Appeal Board opinion).

### III.

■ To prevail on his § 1983 claim, El–Hewie must demonstrate that the named defendants acted under color of state law and deprived him of rights secured by the Constitution or federal law. *See Sameric Corp. of Del., Inc. v. City of Philadelphia,* 142 F.3d 582, 590 (3d Cir. 1998). El–Hewie alleged that the defendants "frustrate[d] Plaintiff's efforts to enjoy his rights of equal employment and participation in the state-approved teacher preparation program." It is well-settled that "[t]o have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Elmore v. Cleary,* 399 F.3d 279,

282 (3d Cir.2005) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). State law determines whether a person has such an entitlement. *Id.*

■ Pursuant to New Jersey law, "[a] nontenured officer or employee who is not recommended for renewal by the chief school administrator shall be deemed nonrenewed." N.J.S.A. § 18A:27–4.1.b; *see also Leang v. Jersey City Bd. of Educ.,* 198 N.J. 557, 969 A.2d 1097, 1109 (2009) (recognizing that Board of Education had no obligation to renew one year contract of non-tenured public school teacher). El–Hewie, who alleged that he was hired pursuant to a "teacher preparation program," *see* N.J.S.A. § 18A:26–2a, entered into a "10–month, Non–Tenured Teachers Contract." That contract provided that it "may be terminated by either party giving to the other sixty (60) days notice in writing of intention to terminate the same." An at-will employee does not have a constitutionally protected property interest in continued employment. *See Biliski v. Red Clay Consol. School Dist. Bd. of Educ.,* 574 F.3d 214, 218–19 (3d Cir.2009). We disagree with El–Hewie's contention that the "mentoring and training" provided to provisional teachers created a property interest protected by the Due Process Clause. *Cf. Versarge v. Twp. of Clinton N.J.,* 984 F.2d 1359, 1370 (3d Cir.1993) (concluding that training provided to volunteer firefighter did not establish property interest). Therefore, because El–Hewie had no property interest in his non-tenured teaching position, his § 1983 due process claims fail as a matter of law.[6]

---

6. We also conclude that the District Court did not abuse its discretion in declining supplemental jurisdiction over El–Hewie's state law claims, which centered on the defendants' alleged "violat[ion] of the essential framework of N.J.A.C. [§ ] 6A:9–8.3 [ ("Requirements for Instructional Certificate")]." *See* 28 U.S.C. § 1367(c)(3); *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 175 (3d Cir.1999).

## IV.

■ The District Court held that El–Hewie's employment discrimination claims under 42 U.S.C. § 1981 had been litigated before the ALJ, and were therefore barred by the doctrine of res judicata. Res judicata precludes claims that were actually litigated or could have been litigated in a prior action, *see Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), and can be applied to administrative agencies acting in a judicial capacity. *See United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). "[W]hen a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' ... federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tenn. v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (quoting *Utah Constr. & Mining Co.,* 384 U.S. at 422, 86 S.Ct. 1545); *see also Swineford v. Snyder County,* 15 F.3d 1258, 1266 (3d Cir.1994) (noting that "when adjudicating Reconstruction Civil Rights laws, federal courts give the same preclusive effect to state agency findings as would the state courts when the agency, acting in a judicial capacity, resolves disputed issues of fact."). We have recognized that "applying preclusive effect to legal conclusions made by state agencies 'is favored as a matter of general policy, [though] its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures.'" *Crossroads Cogeneration Corp. v. Orange & Rockland Utilities, Inc.,* 159 F.3d 129, 135 (3d Cir.1998) (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 109–10, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991)).

■ Although the District Court concluded that the ALJ acted in a judicial capacity, it failed to address whether New Jersey courts would give preclusive effect to the decision reached in the administrative proceedings. *See Caver v. City of Trenton,* 420 F.3d 243, 259 (3d Cir.2005) ("look[ing] to [New Jersey's] preclusion law in determining what effect, if any, the ALJ's determinations could have on ... state law claims."). Accordingly, we will vacate the dismissal of El–Hewie's § 1981 claims on res judicata grounds, and will remand the issue for consideration by the District Court in the first instance. *See Thompson v. County of Franklin,* 15 F.3d 245, 253 (2d Cir.1994) (remanding for consideration of res judicata issues). We express no opinion on the issue, but note that the New Jersey Supreme Court has recognized that "thorny questions have arisen in previous cases in respect of whether preclusion of a [Law Against Discrimination] complaint is appropriate when the same LAD claim allegedly was raised in an administrative litigation before an administrative agency having concurrent jurisdiction with the [Division of Civil Rights]." *Hennessey v. Winslow Twp.,* 183 N.J. 593, 875 A.2d 240, 245 (2005).

## V.

■ To state a claim under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). El–Hewie alleged that a principal, teacher, and supervisor "manipulate[d] the mentoring of provision-

al teachers" so as to "exclude," "replace," and "hir[e]" teachers based on race. The District Court concluded that El–Hewie did "not plead any facts to indicate that [the] 'conspiracy' was motivated by race or class-based discriminatory animus." We agree that El–Hewie's "bare assertion[ ]" about "manipulat[ion]" in the provisional teachers program is a conclusion that, "much like the pleading of a conspiracy in *Twombly*, amount[s] to nothing more than a 'formulaic recitation of the elements'" of a civil conspiracy claim.[7] *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Accordingly, we will affirm the District Court's dismissal of El–Hewie's § 1985 claim.

## VI.

For the foregoing reasons we will affirm in part, vacate in part, and remand the matter to the District Court for further proceedings consistent with this opinion. In particular, we will vacate that portion of the District Court's order that dismissed El–Hewie's § 1981 claims on res judicata grounds.[8]

---

**7.** This conclusion also applies to El–Hewie's claim under § 1986 because such a claim cannot succeed unless predicated on a valid § 1985 claim. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir.1980).

**8.** El–Hewie's motion to compel the District Court to expedite trial and to recuse the District Court judge is denied. The motion by Appellees William C. Soukas and Bradley M. Wilson for leave to file a sur reply brief is denied.