NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1284
_____

MOHAMED F. EL-HEWIE,
                                                Appellant

v.

BERGEN COUNTY; BOARD OF EDUCATION OF THE BERGEN COUNTY
VOCATIONAL SCHOOL DISTRICT; DENNIS McNERNEY, Bergen County
Executive; JACK DRAKEFORD, President of BOE; AARON R. GRAHAM, BCTS
Board Member and Bergen County Superintendent; BERNI LYNN KOCH, BCTS Board
Vice President; LAZARO CARVAJAL, BCTS Board Member; ANGELA TAYLOR,
BCTS Board Member; ROBERT J. ALOIA, Superintendent; THOMAS KLEMM,
Director of Human Resources; RAYMOND J. VOLPE, Supervisor; RICHARD
PANICUCCI, Supervisor; PATRICIA T. COSGROVE, Ex-School principal; RUSSELL
DAVIS, Vice Principal; DENNIS MONTONE, Supervisor; JOSEPH HOLBROOK,
Teacher; LINDA EICKMEYER, Teacher; LINDA THEOS, Manager; BRADLEY M.
WILSON, Board Attorney, and; WILLIAM C. SOUKAS, Board Attorney; ROBERT R.
HIGGINS; NEW JERSEY OFFICE OF ADMINISTRATIVE LAW;  HON.
MARGARET M. MONACO; LUCILLE E. DAVY; DEPARTMENT OF LAW PUBLIC
SAFETY DIVISION OF LAW; NEW JERSEY DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 08-cv-01760
(Honorable Faith S. Hochberg)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 13, 2010
Before:  SCIRICA, JORDAN and VANASKIE, <u>Circuit Judges</u>.

(Filed: August 26, 2010)

_____

OPINION OF THE COURT

_____

PER CURIAM.

While Mohamed El-Hewie was challenging the termination of his employment as a provisional teacher with the Board of Education of the Bergen County Vocational School District ("the Board") in state administrative proceedings, he also filed a complaint in the United States District Court for the District of New Jersey raising essentially the same claims. The District Court granted the defendants' motions to dismiss. On appeal, we affirmed the dismissal of the majority of claims, but vacated that portion of the District Court's order that dismissed El-Hewie's 42 U.S.C. § 1981 claims on res judicata grounds because they had been litigated before the Administrative Law Judge ("ALJ"). See El-Hewie v. Bergen County, C.A. No. 08-4900, 348 Fed. Appx. 790 (3d Cir. Sept. 17, 2009). In particular, we concluded that the District Court failed to address whether New Jersey courts would give preclusive effect to the decision of the Commissioner of Education ("the Commissioner") to adopt the ALJ's dismissal of El-Hewie's employment discrimination claims. See Univ. of Tenn. v. Elliott, 478 U.S. 788, 799 (1986) ("[W]hen a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' . . . federal courts must give the agency's factfinding the same preclusive effect

2

to which it would be entitled in the State's courts.") (quoting United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966))).

Following our remand, the District Court dismissed the § 1981 claims, finding "that New Jersey courts would give preclusive effect to the ALJ's determination that [El-Hewie] did not perform his job satisfactorily and that there was no evidence that the Board discriminated against him." El-Hewie appealed again. In the meantime, however, the New Jersey Superior Court affirmed the decision of the Commissioner. See El-Hewie v. Board of Educ., No. A-6310-07T3, 2009 WL 4981212 (N.J. Super. Ct. App. Div., Dec. 24, 2009), and the Supreme Court of New Jersey denied El-Hewie's petition for certification. See El-Hewie, v. Board of Educ., 992 A.2d 792 (N.J. 2010). Consequently, we must now determine whether the Superior Court's decision is entitled to preclusive effect.[1]

"The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (citing Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986)). In New Jersey, claim preclusion has three basic elements: (1) the judgment in the prior action

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985); see also McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (stating that the "court may take judicial notice of a prior judicial opinion.").

3

must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one. See McNeil v. Legislative Apportionment Comm'n, 828 A.2d 840, 859 (N.J. 2003). These elements are satisfied by the facts of this case.

The Superior Court concluded, inter alia, that "the ALJ properly found that [El-Hewie] failed to sustain his burden under the burden-shifting framework applicable to discrimination claims." El-Hewie, 2009 WL 4981212, at *7. This is a valid decision on the merits, which became final when the Supreme Court of New Jersey denied El-Hewie's petition for certiorari. See Davis v. U.S. Steel Supply, 688 F.2d 166, 172-73 (3d Cir. 1982) (en banc) (holding that there was a merits adjudication for res judicata purposes where the state court found that "'none of the [administrative] (Commission's) findings is sufficient to support the Commission's conclusion'" that the employer discriminated against the employee because of her race). Moreover, the Board – the respondent in the state court action – was named in El-Hewie's federal complaint and is in privity with the other defendants against whom El-Hewie raised allegations of discrimination. Finally, El-Hewie's § 1981 claims and the discrimination claims at issue in state court both stem from the Board's termination of his employment.[2]

---

[2]Contrary to El-Hewie's assertions, the state court judgment in his case constituted a full and fair adjudication of his employment discrimination claims. See Kelley v. TYK

(continued...)

4

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[2](...continued)
Refractories Co., 860 F.2d 1188, 1197-98 (3d Cir. 1988) (recognizing that in Davis "we held that a state court judgment reversing on the merits a finding of employment discrimination by the Pittsburgh Commission on Human Relations constituted full and fair adjudication of Davis's race discrimination claim, so that her federal action under § 1981 was barred by res judicata." (citing Davis, 688 F.2d at 173)).

[3]The Motion for Leave to File Brief Out of Time filed on behalf of the "Education 10-1284 Defendants," and submitted on August 6, 2010, is denied. See L.A.R. 31.4.