NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2014
_____

MOHAMED F. EL-HEWIE,
                                    Appellant

v.

GOVERNOR OF STATE OF NEW JERSEY; FAITH S. HOCHBERG, U.S.D.J.;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; LOUISE T. LESTER,
CHIEF SPECIAL PROSECUTIONS BUREAU; MELISSA T. DUTTON, DEPUTY
ATTORNEY GENERAL; MARGARET M. MONACO, A.L.J.; WALTER M.
BRASWELL, A.L.J.; LAURA SANDERS, DIRECTOR AND CHIEF A.L.J.; LUCILLE
E. DAVY, COMMISSIONER OF EDUCATION; ROBERT R. HIGGINS, ACTING
SECRETARY; M. KATHLEEN DUNCAN, DIRECTOR OF BUREAU OF
CONTROVERSIES AND DISPUTES; AARON R. GRAHAM, BCTS BOARD
MEMBER AND BERGEN COUNTY SUPERINTENDENT; DENNIS MCNERNEY,
BERGEN COUNTY EXECUTIVE; JAMES M. CARROLL, FREEHOLDER
CHAIRMAN, DEMAREST; JULIE O'BRIEN, FREEHOLDER VICE CHAIRWOMAN,
RAMSEY; ELIZABETH CALABRASE, FREEHOLDER CHAIRPERSON PRO
TEMPORE,  WALLINGTON; DAVID L. GANZ, FREEHOLDER, FAIR LAWN;
BERNADETTE P. MCPHERSON, FREEHOLDER, RUTHERFORD; TOMAS J.
PADILLA, FREEHOLDER, UPPER SADDLE RIVER; VERNON C. WALTON,
FREEHOLDER, ENGLEWOOD; BRADLEY M. WILSON, BOARD ATTORNEY;
WILLIAM C. SOUKAS, BOARD ATTORNEY

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 09-cv-00927
(Honorable Mary L. Cooper)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

October 6, 2010

Before:   SCIRICA, JORDAN and VANASKIE, Circuit Judges.

(Filed: October 12, 2010)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Mohamed F. El-Hewie, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying a "Motion to Reopen Plaintiff's Closed Case." We will affirm.

In 2006, El-Hewie filed a petition with the New Jersey Department of Education challenging the non-renewal of his one-year provisional contract to work as a teacher for the Board of Education of the Bergen County Vocational School District. Following a six-day hearing, an administrative law judge ("ALJ") dismissed the petition, concluding that El-Hewie's claims were without merit. On April 10, 2008, the New Jersey Commissioner of Education affirmed the dismissal of El-Hewie's claims. The New Jersey Superior Court affirmed the decision of the Commissioner, see El-Hewie v. Board of Educ., No. A-6310-07T3, 2009 WL 4981212 (N.J. Super. Ct. App. Div., Dec. 24, 2009), and the Supreme Court of New Jersey denied El-Hewie's petition for certification. See El-Hewie, v. Board of Educ., 992 A.2d 792 (N.J. 2010).

2

Meanwhile, El-Hewie raised essentially the same claims in a complaint filed in the United States District Court for the District of New Jersey. The District Court granted the defendants' motions to dismiss, and we affirmed. See El-Hewie v. Bergen County, C.A. No. 10-1284, 2010 WL 3370978 (3d Cir. Aug. 26, 2010); El-Hewie v. Bergen County, C.A. No. 08-4900, 348 Fed. Appx. 790 (3d Cir. Sept. 17, 2009). In particular, we held that El-Hewie had no property interest in his non-tenured teaching position, that his bare allegations about a conspiracy failed to state a claim, and that his employment discrimination claims were barred by the doctrine of res judicata.

El-Hewie filed another complaint in February 2009. At bottom, his allegations arose out of the non-renewal of his employment contract, although he primarily challenged the results and propriety of the prior administrative, state, and federal proceedings. In addition to several defendants named in his previous lawsuit, El-Hewie brought claims against the District Court judge, various county freeholders, and certain New Jersey state officials, including the Governor and Attorney General. He alleged that the defendants "deprived [him of] his state and federal constitutional rights . . . by committing acts of fraud, negligence, concealment, perjury, intentional employment discrimination, corruption, reprisal, delay, and favoritism." The District Court granted the defendants' motions to dismiss, holding that El-Hewie could not challenge the prior District Court decisions in a new complaint, that the judges were entitled to immunity, and that any claims mirroring those adjudicated in the prior state and federal proceedings

3

were barred by the <u>Rooker</u>-<u>Feldman</u> doctrine and res judicata. El-Hewie filed a motion for reconsideration, which the District Court denied in August 2009. In February 2010, El-Hewie filed a "Motion to Reopen Plaintiff's Closed Case." The District Court denied the motion, stating that El-Hewie was "rais[ing] the same arguments that he raised previously" and that the "Court's previous reasoning still applies." El-Hewie appealed.

The "Motion to Reopen" appears to be a request for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).[1] <u>Cf.</u> <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 208 (3d Cir. 2002) (stating that "we are free to recharacterize the motion to amend to match the substance of the relief requested."). An appeal from an order denying a motion for relief from a judgment under Rule 60(b) brings up only the correctness of the order denying that motion, not the underlying order. <u>See</u> <u>Torres v. Chater</u>, 125 F.3d 166, 167 (3d Cir. 1997). We review the District Court's denial of the motion to reopen for abuse of discretion. <u>See</u> <u>Brown v. Philadelphia Hous. Auth.</u>, 350 F.3d 338, 342 (3d Cir. 2003). We may affirm the District Court's judgment on any basis supported by the record. <u>See</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999).

El-Hewie claimed that his case should be reopened because the District Court failed to apply relevant caselaw. In limited circumstances, an intervening change in controlling law can support a motion under Rule 60(b)(6). <u>See</u> <u>Foraker v. Chaffinch</u>, 501

---

[1] El-Hewie has not advanced a plausible basis for relief under any other subsection of Rule 60(b).

4

F.3d 231, 246 n.10 (3d Cir. 2007). Significantly, however, all of the cases cited by El-Hewie in his "Motion to Reopen" pre-date the District Court's decision granting the defendants' motions to dismiss. Therefore, he could have raised arguments based on those cases in his opposition to the motions to dismiss. In any event, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ." Agostini v. Felton, 521 U.S. 203, 239 (1997). El-Hewie has not pointed to any extraordinary circumstances that would warrant a grant of Rule 60(b)(6) relief. Accordingly, we conclude that the District Court did not abuse its discretion in denying El-Hewie's "Motion to Reopen."

For the foregoing reasons, we will affirm the judgment of the District Court.