**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD J. PORTO, III, an individual, | No. 11-56215 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-00180-DOC-MLG |
| v. | |
| CITY OF NEWPORT BEACH, a municipality; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Leonard J. Porto, III, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his

constitutional rights, the Fair Housing Act ("FHA"), and state law.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Porto's discrimination claims under the FHA and the Fourteenth Amendment because Porto failed to allege that defendants discriminated against him based on his membership in a protected class. *See* 42 U.S.C. § 3602(k) (defining "familial status" for purposes of the FHA as a minor being domiciled with an adult); *id.* § 3604 (setting out protected classes under the FHA, including "familial status"); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order) (explaining the requirements of an equal protection claim).

The district court properly dismissed Porto's claims challenging Newport Beach Municipal Code §§ 6.04.70 and 11.08.040 as unconstitutional because those provisions are not unconstitutionally vague. *See Hill v. Colorado*, 530 U.S. 703, 732 (2000) (explaining the requirements of a void-for-vagueness claim).

The district court properly dismissed Porto's claim alleging that defendants violated his right to be free from cruel and unusual punishment because Porto was not imprisoned. *See Pierce v. Multnomah County*, 76 F.3d 1032, 1042 (9th Cir. 1996) ("[T]he Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply 'until after conviction and sentence.'" (citations omitted)).

2                                                                      11-56215

The district court properly dismissed Porto's claim alleging that defendants unlawfully seized his residence because a prior state court action had determined that Porto lacked any possessory interest in the property. *See Soldal v. Cook County*, 506 U.S. 56, 61 (1992) ("A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" (citation omitted)); *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986) (federal courts must give preclusive effect to state court judgments).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Porto's state law claims because no federal claims remained. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (reviewing for an abuse of discretion).

The district court did not abuse its discretion in dismissing without leave to amend because the deficiencies in Porto's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)

(setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-56215